## SPERO v. SPERO.
### No. 11424.

United States Court of Appeals
Sixth Circuit.
April 16, 1952.

A. B. Silverman, New York City, Meyer Weisenfeld, Detroit, Mich., Jay A. Gilman, Avel B. Silverman, New York City, on brief, for appellant.

Harold B. Desenberg, Detroit, Mich., Moll, Desenberg, Purdy & Glover, Harold B. Desenberg, Detroit, Mich., on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

Gladys W. Spero, widow of Harold B. Spero, has appealed from a supplemental judgment, entered in the United States District Court for the Eastern District of Michigan, denying her petition for an order requiring refund to her of $8,464.48, on account of payment by her of that amount as the excess of principal and interest over $75,000 of the liability of her deceased husband's estate for Federal and New York estate taxes. The controversy analyzes to an interpretation of a stipulation of settlement entered in litigation in the same United States District Court arising out of a trust created, prior to his marriage to her, by her husband who died on June 26, 1946.

At the time of his death, the distributable assets of the estate of Harold B. Spero were less in amount than his debts and the expenses of administration. Included in his taxable estate, however, were minority shares of unlisted stock, valued at $257,-761.52, in two family-owned corporations, and the net proceeds of life insurance in the sum of $70,703.03 payable to the widow, Gladys W. Spero. As finally determined by the United States Internal Revenue Bureau and by the Surrogate Court of New York, the net taxable estate of decedent aggregated $330,714.55. Nevertheless, the Administratrix, Mrs. Spero, filed a Federal Estate Tax Return showing that there was no taxable estate.

On August 16, 1948, Mrs. Spero, as Administratrix, was given notice by the Internal Revenue Department of a proposed deficiency assessment against her husband's estate in the net amount; after crediting state taxes, of $67,745.80, stated to be subject to payment of interest "at the rate of 6 percent per annum from the due date of the tax to the date of payment." The appraisal for New York estate taxes was filed September 29, 1948. The total payments made on account of both Federal and New York estate taxes at the end of December, 1949, amounted to $83,464.48. Neither the Administratrix, nor the Trustee, had sufficient funds with which to pay the estate taxes prior to December 28, 1949.

No proceeding for apportionment of the estate taxes was instituted, but an apportionment was provided for by Paragraph 13 of a compromise stipulation of May 20, 1948, which is the subject matter of the present controversy. The controversial clause provides, as follows: "13. The minimum sum of Eighty thousand ($80,000) dollars herein agreed to be paid to the plaintiff and to the infant respectively, shall be free and clear of any lien, obligation or other requirement, for the payment of estate, transfer, inheritance, or other taxes. It is agreed that the trustee will pay the estate, transfer and inheritance taxes upon the estate of Harold B. Spero, deceased, to an extent not exceeding Seventy-five thousand ($75,000) dollars; that in the event that such taxes, so assessed, and found to be due, shall exceed the sum of Seventy-five thousand ($75,000) dollars, the plaintiff undertakes to pay such excess as does not exceed Fifteen thousand ($15,000) dollars. Any estate, transfer or inheritance tax in excess of Ninety thousand ($90,000) dollars, shall be borne by the plaintiff to the extent of one-fifth thereof, and by the trustee (in respect of the interest of the four beneficiaries) to the extent of four-fifths thereof. The taxes herein agreed to be paid by the trustee shall be deemed a charge against the corpus of the trust estate, and shall be paid as and when funds are available therefor."

The gist of the argument of appellant is that, while the total sum of $83,464.48 was required to satisfy the tax claims of the United States and the State of New York, she did not contract to pay that sum but agreed only to pay the amount "assessed and found to be due." She contends that the stipulation of facts exhibited in the clause indicates that the "assessments" were respectively $67,745.80 for the Federal tax and $5,828.97 for the New York estate tax, thus aggregating $73,574.77, an amount less than that necessary to establish any tax liability on her part. Her insistence is that no penalty in the guise of interest for non-payment of such tax, when due, is embraced within the phrase "taxes so assessed and found to be due", an assessment being an official valuation of property for taxation purposes; and that the interest charged thereon is not a part of such valuation, but is a penalty imposed for non-payment of the tax assessed.

The rejoinder of appellee is that, from the stipulation, it is evident that the total amount which might be required to discharge any tax lien was unknown on May 20, 1948, the date of the stipulation; that taxes in the sum of $71,000 had been estimated prior to that time by the attorney for appellant, it being specifically recognized, however, that the taxes would be paid only "as and when funds are available therefor"; that the stipulation contemplated that, when the taxes were acutally determined and the funds were available for payment, the aggregate amount to be

paid on such account could exceed $90,000; that, on the date of the filing of the stipulation, eight months' interest on the Federal and approximately five months' interest on the New York estate tax had already accrued; that had those taxes been finally determined on such date and the money for payment therefor available at that time, it would have been necessary to include the interest items in the payments in order to discharge the tax liens; and that the stipulation was intended to and did cover the complete liability for payment of estate tax liability, whether principal, interest, or penalty. The appellee points out that the argument that the trustee had sources from which funds could have been provided for payment of taxes prior to December 1949 must be rejected, inasmuch as the stipulation of facts shows that the total amount of dividends paid upon the shares of stock held by the Trustee until the end of the year 1949 aggregated only $10,620, while the Trustee, by virtue of the stipulation, agreed to pay and did pay to appellant and her infant daughter interest on an aggregate sum of $160,000 at six percent per annum, commencing August 20, 1948. An express condition of the stipulation was that funds which became available should be applied to the payment of such interest. In view of the facts stipulated, we think there is no force in the argument of appellant that the Trustee was guilty of a neglectful attitude toward collection of the proceeds of the trust property inuring to the benefit of appellant and her infant daughter, who, in addition to receiving proceeds of more than $70,000 of insurance, shared in the proceeds of the trust to the extent of $160,000 upon payment by appellant of merely approximately ten percent of the estate tax liability.

We have given no weight to the voluminous correspondence between the attorneys, which in our view was merely self-serving and argumentative in effect and of no probative value upon the issue here for decision. We regard the stipulation of May 20, 1948, as a contract of settlement which disposes of the conflicting claims of the parties and makes it unnecessary for us to give weight to extraneous circumstances not regarded as controlling.

We think, as did the District Court, that the appellee has the better of the argument as to the meaning and effect of the controlling stipulation. In our view, the Court was well supported by the evidence in finding, as recited in its supplemental judgment, that the Federal and New York estate taxes were past due when the original judgment was entered in the cause and at the time of the execution of the stipulation upon which the judgment was based; that interest had accrued and was still accruing and that funds were not then available to the Trustee for the payment of the taxes, which were promptly paid when funds did become available through the sale of a portion of the corpus of the trust estate.

The District Court also was substantially supported by the record in finding that there was no separate specific provision in the judgment, or in the stipulation upon which it was based, with respect to the interest on, as distinguished from, the principal of the taxes; and that "it was contemplated and intended by the parties that the amount which should be paid on account of such tax liabilities would be the full sum required to discharge the tax lien, which sum would include the interest as well as the principal of the tax to the date of payment."

In the circumstances of the stipulation, the principle seems applicable here: "In equity, interest goes with the principal as the fruit with the tree." Himely v. Rose, 5 Cranch, 9 U.S. 313, 318, 3 L.Ed. 111.

Undeniably, a contract, to assume an interest-bearing debt, means the taking over of the liability for interest as well as for principal. Virginia v. West Virginia, 238 U.S. 202, 233, 234, 35 S.Ct. 795, 59 L.Ed. 1272.

In our judgment, the District Court correctly decreed that the stipulation between the parties upon which the original judgments in this cause and in the companion case were entered provided, in effect, for payment by the defendant Trustee, in his fiduciary capacity and not individually, of the first $75,000 of the liability for Federal and New York estate taxes and the interest thereon to the date of pay-

ment, and for the payment by Gladys W. Spero of the next $15,000 of such liability; that, at the time of the payment of the taxes, the aggregate amount of the tax liabilities was $83,464.48, whereof the Trustee properly paid out of the trust estate the sum of $75,000, and the balance thereof was properly paid by Gladys W. Spero in the sum of $8,464.48; that appellant, Gladys W. Spero, is not entitled to reimbursement, repayment, or refund, on account of the payment made by her, or for any part thereof; and that her petition for an order requiring refund to her of the $8,464.48 which she has paid properly should be denied.

The supplemental judgment filed December 27, 1950, is accordingly affirmed.