43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Noemi SAENZ-HERRERA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9532.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGEMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The INS issued an order to show cause to petitioner, a native and citizen of Mexico, charging her with remaining in this country longer than authorized. A deportation hearing was held before an Immigration Judge, and petitioner admitted the allegations in the order to show cause and conceded deportability. She then applied for suspension of deportation pursuant to 8 U.S.C. 1254(a)(1) or, in the alternative, for voluntary departure pursuant to 8 U.S.C. 1254(e). The Immigration Judge found petitioner deportable and ineligible for both suspension of deportation and voluntary departure and denied relief. The Board of Immigration Appeals (Board) dismissed petitioner's appeal, also finding that petitioner was ineligible for the requested relief. Petitioner appeals the Board's dismissal.
 
 
 3
 Under 8 U.S.C. 1254(a)(1), the Attorney General has discretion to suspend the deportation of an alien who has been continuously present in this country for seven years preceding application for suspension, if the alien was a person of good moral character during those seven years, and a person whose deportation would result in extreme hardship to him or herself, or a citizen spouse, parent, or child. Subsection (e) of that statute confers discretionary authority upon the Attorney General to permit an alien who is and has been of good moral character for the five years preceding application to voluntarily depart the United States at the alien's own expense. There are certain classes of people listed in 8 U.S.C. 1101(f) who are statutorily ineligible to qualify as people of good moral character. In addition to those specifically identified classes, the last sentence of that subsection provides: "The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." 8 U.S.C. 1101(f).
 
 
 4
 Petitioner has the burden of proving her eligibility for suspension of deportation. The first two requirements, seven years' continuous residence and good moral character, are factual questions that we review for substantial evidence....The third requirement, that deportation would result in extreme hardship, is a discretionary matter that we review only for an abuse of discretion.
 
 
 5
 Turri v. INS, 997 F.2d 1306, 1308 (10th Cir.1993) (citations and footnote omitted).[2] We now turn to discussion of the Board's determination regarding petitioner's moral character.[3]
 
 
 6
 The Board determined that petitioner did not fall into any of the specific classes enumerated in 1101(f). It did find, however, that, for both the seven and five-year periods preceding her application for relief, petitioner had failed to demonstrate good moral character for other reasons, as set forth in the last sentence of 1101(f). In making this finding, the Board specifically relied on petitioner's admission of her knowledge that she was listed on her brother's insurance as his spouse in order to obtain benefits. The Board also relied on testimony of an INS agent concerning the results of an investigation he did regarding the nature of a marriage between petitioner and a United States citizen from 1986 to 1989.[4] The agent testified to the specifics of his investigation and that the results indicated that the marriage was entered into to obtain adjustment of petitioner's immigration status. He also testified that petitioner admitted to him that she entered into the marriage to obtain immigration documentation. The Board also considered evidence of events that occurred before the seven-year period: that petitioner acquired a social security card fourteen years prior to her application for suspension of deportation or voluntary departure, and that she used a friend's social security card to obtain employment and welfare benefits.
 
 
 7
 Petitioner submitted evidence in support of her contention that she is and was for the required periods a person of good moral character. The Board considered this evidence, but found it "insufficiently vague regarding [petitioner's] past actions described above and any efforts she may have made to reform such behavior." R. at 5.
 
 
 8
 Our review of the record substantiates the Board's factual findings. The record contains substantial evidence in support of the Board's determination that petitioner is and was not a person of good moral character for the periods of time required to qualify for suspension of deportation or voluntary departure. The Board's dismissal of petitioner's appeal is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner argues that the question of good moral character is a question of law and that, as such, we should review it de novo. We reject that argument. See id. Even if we found error with this court's previously expressed standard of review on the question of good moral character, which we do not, one panel of this court cannot overrule the decision of another panel, Stewart v. Donges, 20 F.3d 380, 381 (10th Cir.1994)
 
 
 [3]
 The seven years' continuous residence requirement is not at issue here, and, because our decision on the issue of good moral character is dispositive, we do not reach the question of extreme hardship
 
 
 [4]
 Petitioner admitted her marriage to John Mora from 1986 to 1989, but she invoked her right under the Fifth Amendment and declined to testify as to the general nature or specifics of that marriage. She argues on appeal that the Board impermissibly used her silence as evidence against her. We reject that contention. The Board considered the record evidence, including the INS agent's testimony regarding the marriage, and merely noted that the agent's testimony was the only evidence on that subject