Lane, J.,
delivered the opinion of the court:
' Objections are taken to the regularity of the first original decree in this ease, and we are asked to examine its merits. But we find the practice well settled, both in our own courts and in those of the United States, that the final decree, which, upon appeal, presents the whole matter to the action of the appellate court, is the decree by which the rights of the parties are defined and settled. Wright, 729; 3 Cranch, 179. When further decrees become necessary to carry into effect the rights of the parties, and errors occur in their rendition, such errors may be corrected by appeal; but, in such appeals, nothing is before the court except the proceedings subsequent to the decree which settled the merits.. The original proceedings will be no further inspected than to enable the court to decide upon the correctness of the last decision. 5 Cranch, 313; 10 Wheat. 442; 1 Ohio, 271. This interpretation-’ *339 of the right of appeal is intended to apply to suits in chancery, ■only where such decrees are parts of the original suit. In suits at law, proceedings had after judgment are to be corrected upon certiorari, not upon appeal.
It appears that at the time of the'sale some misapprehension occurred among the parties to the suit as to the terms upon which the sale was made, and this misapprehension prevented competition in the biddings, in consequence of which one of the parties has lost all means of securing his debt, while another has obtained a bargain in the purchase of the mortgaged premises. No injustice will be done to the purchaser who is a mortgage creditor .and a defendant, by a new sale, as in any event his debt is secure. We therefore set aside the^sale, and direct that another be made.