**ATLAS SCRAPER AND ENGINEERING CO., a corporation, Appellant,**

v.

**Harry A. PURSCHE, an individual, Appellee.**

**No. 19404.**

United States Court of Appeals Ninth Circuit.

Feb. 28, 1966.

R. Welton Whann, Robert M. McManigal, Welton B. Whann, Jas. M. Naylor, San Francisco, Cal., Eugene O. Heberer, Los Angeles, Cal., for appellant.

Lyon & Lyon, Lewis E. Lyon, John B. Young, Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

This is the second appeal in these cases. Of course some considerable knowledge of the background and earlier disposition of the litigation is essential to an intelligent understanding of the present appeal. But rather than burden this opinion with a detailed statement, we refer the reader to the prior opinion [300 F.2d 467 (9th Cir. 1961), cert. denied 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed.2d 170], which sets out in sufficient detail all such information.

Atlas will not be permitted to question the trial court's determination that it was guilty of unfair competition. That issue was one finally settled on the former appeal. Pertinent is the frequently quoted statement in Himley v. Rose, 5 Cranch 313, 9 U.S. 313, 3 L.Ed. 111 (1809): "Nothing is before this court but what is subsequent to the mandate."

And we find no merit in Atlas' contention that the trial court, in awarding Pursche damages for and an injunc-

tion against such competition went beyond the mandate.[1]

True, this court did not give express approval to the provisions in the judgment for such affirmative relief; but neither did it expressly disapprove them. The opinion, however, does contain an extensive discussion of unfair competition and, as already noted, shows this court upheld the trial court on that issue. Surely no one could argue with any degree of plausibility that so much attention would be devoted to a mere abstract matter. Nor is a practical reason difficult to discover, if what hinged upon the outcome is kept clearly in mind. Perhaps the opinion is terse, but there was no occasion to labor the obvious.

■■ Nor did the trial court err in refusing to deny Pursche all relief on the ground that he, Pursche, had misused his own patents to violate the antitrust laws. This was a defense. But Atlas did not assert it until after the remittitur on the affirmance of the judgment.[2] At that stage such a motion was improper and, if granted, would have constituted a clear violation of that court's duty to carry out the mandate.

"When a case has been once decided by this court on appeal, and remanded to the [lower] court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The [lower] court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."

In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895).

■■ Further, the trial court did not err in modifying the earlier decree which enjoined Atlas from unfair competition. That a court of equity possesses inherent power to adapt an injunction to meet the needs of a new day is settled, for the Supreme Court has declared that:

"A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need. (citation omitted). The distinction is between restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative."

United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932); Food Fair Stores v. Food Fair, 177 F.2d 177 (1st Cir. 1949); Armstrong v. De Forest Radio Tel & Tel Co., 10 F.2d 727 (2d Cir. 1926). The supplemental injunction, like its predecessor, was confined to preventing unfair competition; it was issued "to make more clear and specific what had already been enjoined" [Singer Mfg. Co. v. Seinfeld, 89 F.2d 35, 37 (2d Cir. 1937)]

1. The opinion forms a part of the mandate. H. P. Coffee Co. v. Reid, Murdoch & Co., 60 F.2d 387 (8th Cir. 1932).

2. By its motion Atlas sought to assert that the "grant back" provision contained in the Pursche-Atlas agreement (which obligated Atlas to assign to Pursche all improvements for two way plows conceived and acquired by Atlas and which the trial court determined applied to the Chandler Patents) would operate to give Pursche a monopoly outside the scope of his own patents and, hence, was unenforceable and void under such decisions as Mercoid Corp. v. Mid-Continent Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944) and Morton Salt Co. v. Suppiger, 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363 (1942); see also Transparent-Wrap Machine Corp. v. Stokes & Smith Co., 329 U.S. 637, 67 S.Ct. 610, 91 L.Ed. 563 (1947).

after a sufficient showing that Atlas had placed a construction on the original decree that was contrary to its spirit and the intention of the trial court and was threatening to act accordingly.[3]

Following the remittitur and after the final judgment had been settled as to form, but prior to entry, Pursche visited Chandler and sought to purchase the latter's patents. Precisely what representation Pursche made concerning the effect of the ensuing judgment is disputed. But, in any event, no agreement was reached. On learning of the incident, Atlas moved the trial court to withhold entry on the grounds that Pursche's conduct was unconscionable. Atlas urges as its final point the denial of this motion.

We entertain grave doubt that the trial court possessed authority to impose such a drastic sanction. In none of the cases cited by Atlas was this done or suggested.[4] And an independent search has not proved enlightening. However, assuming power, we agree with the trial court's characterization of the argument as a "tempest in a teapot."

It is only Atlas' hyperbole that tends to make Pursche's asserted conduct of dubious propriety.

The judgment is affirmed.

3. At the hearing on Pursche's motion the trial judge stated in these words what he had meant by the decree:

"It seemed to me when I signed the judgment that it would be unnecessary to use the additional language which you now seek to put in there, but it also seems to me—and I am frank to say so—that if Atlas is claiming any rights at all in the Chandler patents, that they lost by virtue of the judgment in this case. * * * Whatever they acquired in the Chandler patents was acquired wrongfully and by fraud and belonged to Pursche. Now if you have to use different language than I used before to spell that out, I think this should be done."

The provision in the injunction affirmatively requiring Atlas to assign to Pursche all its interest in the Chandler patents was clearly within the spirit of the opinion and a permissible means to effectively forestall future unfair competition under some devious construction. The reservation in the grant back clause, making such inventions "available" to Atlas, read in context, suggests that this right was conterminous with the licensing agreement.

4. The cases are Gorham Mfg. Co. v. Emery-Bird-Thayer Dry-Goods Co., 92 F. 774 (C.Ct.W.D.Mo., W.D.1899); Hoover Co. v. Sesquicentennial Exhibition Ass'n, 26 F.2d 821 (D.C.E.D.Pa.1928) and United Kingdom Optical Co. Ltd. v. American Optical Co., 68 F.2d 637 (1st Cir. 1934). They hold no more than that a fraudulent misrepresentation of a court's decision or process constitutes a contempt of court.