MT. HOOD STAGES, INC., d/b/a Pacific Trailways, Plaintiff-Appellee,

v.

The GREYHOUND CORPORATION and Greyhound Lines, Inc., Defendants-Appellants.

No. 74–1282.

United States Court of Appeals, Ninth Circuit.

Sept. 7, 1978.

William W Schwarzer (argued), San Francisco, Cal., for defendants-appellants.

Michael N. Khourie (argued), of Broad, Khourie & Schulz, San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and WRIGHT, Circuit Judges, and LINDBERG,* District Judge.

* Honorable William J. Lindberg, Senior United States District Judge, Western District of Washington, sitting by designation.

BROWNING, Circuit Judge.

Pursuant to mandate of the Supreme Court, *Greyhound Corp. v. Mt. Hood Stages, Inc.,* —— U.S. ——, 98 S.Ct. 2370, 57 L.Ed.2d 239 (1978), this case has been remanded to us for resolution of appellee's contention that the Clayton Act's statute of limitations, 15 U.S.C. § 15b (1976 ed.), was tolled, under equitable principles.

We think it is appropriate to remand this case to the trial court to decide in the first instance whether the equitable tolling claim was raised at such a time and in such manner as to preserve that issue for decision by the trial court, and, if so, whether the statute of limitations was in fact equitably tolled. *Cf. Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012, 1018 (2d Cir. 1976); *United States v. Fahrenkamp,* 312 F.2d 627, 632 (8th Cir. 1963); *Nuelsen v. Sorensen,* 293 F.2d 454, 462 (9th Cir. 1961).

Both issues turn in large part upon questions of fact. Remand for consideration by the trial judge, who is fully familiar with the facts, should not occasion undue delay. Any appeal can be expedited.

Remanded.