20 F.3d 380
 Robert STEWART, Plaintiff-Appellant-Cross-Appellee,
v.
Donald J. DONGES, individually and in his official
capacities; Defendant-Appellee-Cross-Appellant, and
Dencil Haycox, individually and in his official capacities;
Richard Wiles, individually and in his official
capacity as Mayor of Rio Rancho; City of Rio Rancho,
a Municipal Corporation, Defendants.
 Nos. 93-2215, 93-2231.
 United States Court of Appeals,
Tenth Circuit.
 March 23, 1994.
 
 Philip B. Davis and Macon McCrossen, Albuquerque, NM, and Richard Rosenstock, Santa Fe, NM, for plaintiff-appellant-cross-appellee.
 M. Karen Kilgore of White, Koch, Kelly & McCarthy, P.A., Santa Fe, NM, for defendant-appellee-cross-appellant.
 Before BRORBY and EBEL, Circuit Judges, and KANE,* District Judge.
 EBEL, Circuit Judge.
 
 
 1
 Plaintiff Robert Stewart appeals from the judgment of the district court calculating attorneys' fees.[1] Defendant Donald J. Donges has filed a cross appeal, arguing that the district court erred in determining the date from which interest on the fee award should run. Because Mr. Stewart's challenge to the fee determination has already been considered by an earlier panel of this court, and because the district court properly determined that the interest award should run from the date of the first judgment quantifying the fees, we affirm the district court in all respects.
 
 
 2
 This case is concerned only with the award of attorneys' fees to Mr. Stewart after his civil rights case against Mr. Donges was settled out of court. After the settlement, the district court awarded fees to Mr. Stewart in excess of $350,000, with interest to run from the date of the order, February 22, 1991. Appellant's App. at 172-73. On appeal, a panel of this court took issue with various aspects of that award, set out guidelines for the district court, and remanded the case for calculation of the exact amount to be awarded. Stewart v. Donges, 979 F.2d 179 (10th Cir.1992) (Stewart II ). We will first address Mr. Stewart's argument that the district court erred in relying on Stewart II because that judgment was void for want of due process.
 
 
 3
 Initially, we note that, contrary to Mr. Stewart's urging, the district court was not free to disregard an order from this court. See Rutherford v. United States, 806 F.2d 1455, 1460 (10th Cir.1986). Further, after Stewart II was filed, Mr. Stewart filed a petition for rehearing with suggestion for rehearing in banc. Appellees' Supplemental App. doc. 2. In that petition, Mr. Stewart made the same due process argument he repeats here. The Stewart II panel denied the petition for rehearing. Stewart v. Donges, (10th Cir. Dec. 2, 1992) (order denying rehearing). In effect, Mr. Stewart is now asking this court to overrule a decision of another Tenth Circuit panel which we cannot do, see United States v. Walling, 936 F.2d 469, 472 (10th Cir.1991). We therefore affirm the calculation of attorneys' fees by the district court as mandated by our decision in Stewart II.
 
 
 4
 Turning to Mr. Donges's contention that the district court incorrectly awarded interest on the attorneys' fees from the date of the original fee award, we again perceive no error. The original award quantifying fees due Mr. Stewart was entered by the district court on February 22, 1991. Appellant's App. at 161. That order was later amended nunc pro tunc to provide interest at the federal statutory rate to run from February 22, 1991. Id. at 172. After this court's remand in Stewart II, the district court recalculated the amount of attorneys' fees due plaintiff in an order filed July 2, 1993. This latter order provided that interest on the final award would run from the date of the earlier fee award. Id. at 336. Mr. Donges takes exception to this determination, arguing that interest should run from the date of the final award, July 2, 1993.
 
 
 5
 In Wheeler v. John Deere Co., 986 F.2d 413 (10th Cir.1993) (Wheeler III), costs entered by the clerk of the district court had been later reduced by the district court. This court held that when "an initial quantified judgment is later decreased, interest runs from the date of the earlier quantified judgment but only on the amount ultimately allowed." Id. at 416. This rule is qualified by the caveat that in cases of reversal, "the extent to which a judgment is invalidated on appeal determines whether the first judgment or the remand judgment triggers the accrual of postjudgment interest." Wheeler v. John Deere Co., 935 F.2d 1090, 1097 (10th Cir.1991) (Wheeler II). Mr. Donges argues that Stewart II was a complete reversal of the district court's prior fee award and thus interest on the second award should not run from the earlier reversed judgment. We disagree.
 
 
 6
 First, we note that nowhere in Stewart II does the panel expressly reverse the district court. It ordered instead that the district court comply with the guidelines set down therein. Further, Stewart II did not conclude that an award of fees to Mr. Stewart was improper. It simply ruled out certain fees for certain types of work and for certain attorneys. In effect, the fee amount originally awarded by the district court was merely reduced on appeal.[2] Thus, this case is more akin to Northern Natural Gas Co. v. Hegler, 818 F.2d 730 (10th Cir.1987), cert. dismissed, 486 U.S. 1063, 109 S.Ct. 7, 100 L.Ed.2d 937 (1988), where the reversal was not because of errors of liability or procedure but because of the district court's erroneous dollar amount. Id. at 737-38. Granted, Stewart II did conclude that Mr. Donges was not liable for certain portions of the first award for a variety of reasons. This conclusion, however, did not exonerate him from all liability for fees; in practical effect, it merely reduced the dollar amount he owes. The fees allowed by Stewart II were not an entirely new award but had their genesis in the original order of the district court.
 
 
 7
 Mr. Donges argues that Briggs v. Pennsylvania Railroad Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), and Fed.R.App.P. 37 prohibit interest from running from the date of the earlier award. We disagree. In Briggs, an original jury verdict was reinstated on appeal. There is no indication that the original verdict had included an award of interest. Upon remand, the district court reinstated the original jury award and added interest. The Supreme Court held this to be error because the mandate of the circuit court had not provided for interest, and that mandate had not been amended. Id. at 305. The Briggs rule has been codified in Fed.R.App.P. 37.[3]
 
 
 8
 This case, however, is distinguishable from Briggs. Here, the district court's first award clearly provided for interest. Stewart II did nothing to disturb that holding. Thus, the portion of the district court's judgment providing for interest was not reversed or modified on appeal, making Rule 37 inapplicable. Because Stewart II did not change the district court's determination regarding interest, the district court could continue to award interest without running afoul of Briggs. Such an award did not represent a deviation from the mandate of this circuit nor an enlargement of the award authorized by Stewart II.
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Thus, cases cited by Mr. Donges which reach a contrary result but are based on appellate reversals which substantively and substantially alter the conclusion of the district court are inapposite. See Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36, 110 S.Ct. 1570, 1575-76, 108 L.Ed.2d 842 (1990); Wheeler II, 935 F.2d at 1097; Ashland Oil, Inc. v. Phillips Petroleum Co., 607 F.2d 335, 336 (10th Cir.1979), cert. denied, 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980)
 
 
 [3]
 Fed.R.App.P. 37 provides:
 Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.