**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PLANNED PARENTHOOD OF THE
COLUMBIA/WILLAMETTE INC.;
PORTLAND FEMINIST WOMEN'S
HEALTH CENTER; ROBERT CRIST,
M.D.; WARREN M. HORN, M.D.;
ELIZABETH NEWHALL, M.D.; JAMES
NEWHALL, M.D.,
              *Plaintiffs-Appellees,*

                    v.

AMERICAN COALITION OF LIFE
ACTIVISTS; ADVOCATES FOR LIFE
MINISTRIES; MICHAEL DODDS;
TIMOTHY PAUL DRESTE; JOSEPH L.
FOREMAN; BRUCE EVAN MURCH;
DONALD TRESHMAN; CHARLES
WYSONG; MICHAEL BRAY; ANDREW
BURNETT; DAVID CRANE; CHARLES
ROY MCMILLAN; CATHERINE
RAMEY; DAWN MARIE STOVER,
              *Defendants-Appellants.*

No. 06-35733

D.C. No.
CV-95-01671-REJ

OPINION

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted
November 6, 2007—Portland, Oregon

Filed February 11, 2008

Before: Edward Leavy, Raymond C. Fisher and
Marsha S. Berzon, Circuit Judges.

1881

Opinion by Judge Fisher

**COUNSEL**

Maria T. Vullo (argued), Julie Fink, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Seattle, Washington; Carol J.

Bernick, Davis Wright Tremaine, LLP, Portland, Oregon; Roger K. Evans, Planned Parenthood Federation of America, Inc., New York, New York, for the plaintiffs-appellees.

Christopher A. Ferrara (argued), American Catholic Lawyers Association, Fairfield, New Jersey; Richard Thompson, Thomas More Law Center, Ann Arbor, Michigan, for the defendants-appellants.

## OPINION

FISHER, Circuit Judge:

At what all surely must hope is the conclusion of this long running litigation, we must address an issue of some importance under Federal Rule of Appellate Procedure 37(b) relating to the award of post-judgment interest to the plaintiffs-appellees on the punitive damages judgment they obtained against the defendants-appellants. This is a cautionary tale for all whose judgments on appeal are subject to the requirements of Rule 37(b).

In an earlier appeal, we reduced the punitive damages because we concluded they were excessive under the Supreme Court's Due Process Clause jurisprudence. We accordingly directed the district court on remand to enter a judgment for the damage amounts we specified, assuming the plaintiffs opted not to have a new trial. Because our mandate did not contain instructions about the allowance of post-judgment interest as required by Rule 37(b), we are now called upon to decide whether the district court had the authority to award post-judgment interest from the date of its original judgment, as modified in its final judgment, or only from the date of that final judgment. We hold that our failure to specify the accrual date for post-judgment interest in our mandate precluded the district court's order that interest would run from the date of the original judgment.

We conclude, however, that our omission of post-judgment interest was inadvertent, and we therefore recall the earlier mandate and amend it to provide for post-judgment interest from the date of the original judgment. In so doing, we caution that in the future, Rule 37(b)'s requirements as to the terms of our mandates should be noted and adhered to.

## BACKGROUND

In 1995, four individual physicians and two clinics that provide medical services, including abortions, to women (collectively, "Physicians") brought suit against American Coalition of Life Activists and 13 others (collectively, "ACLA") for violating the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. The underlying facts giving rise to this long history of litigation are fully described in our en banc opinion, *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists*, 290 F.3d 1058, 1062-66 (9th Cir. 2002) (en banc) (hereinafter *PPCW V*).

The jury found for Physicians on all counts and awarded a total of $526,336.14 in compensatory damages under FACE, $108.5 million in punitive damages under FACE and $11.8 million in compensatory damages (after trebling) under RICO. *See id.* at 1066 n.4. On February 22, 1999, the district court entered judgment against ACLA in the full amount of the jury's verdict ("Original Judgment"). The Original Judgment also provided that "[e]ach plaintiff shall recover the aforementioned damages with interest thereon at the rate as provided by law, 28 U.S.C. § 1961."

ACLA appealed the judgment, which we affirmed on rehearing en banc except as to punitive damages. *Id.* at 1088. We remanded for the district court "to consider in the first instance whether the award is appropriate in light" of *In re Exxon Valdez*, 270 F.3d 1215 (9th Cir. 2001), which clarified

the constitutional limitations on punitive damages awards. *Id.* at 1086. On remand, the district court entered judgment reinstating the punitive damages award in full and awarding post-judgment interest on the entire award from the date of the Original Judgment ("Revised Judgment").

ACLA again appealed. We reduced the punitive damages award to a total of $4.7 million and remanded for the "district court to order a new trial unless [P]hysicians accept a remittitur in accord" with the amounts we specified. *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists*, 422 F.3d 949, 965 (9th Cir. 2005) (hereinafter *PPCW VIII*). The parties did not address post-judgment interest. Neither did our opinion or mandate.

Physicians accepted the remittitur. On July 10, 2006, the district court entered judgment and awarded post-judgment interest on the entire award from the date of the Original Judgment ("Final Judgment"). ACLA appealed, challenging the district court's authority to award post-judgment interest from the date of the Original Judgment because our mandate in *PPCW VIII* contained no instructions about the allowance of post-judgment interest.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear ACLA's timely appeal from a final judgment. 8 U.S.C. § 1291. Because this case involves the proper construction of 28 U.S.C. § 1961 and Federal Rule of Appellate Procedure 37(b), our review is de novo. *See AT&T v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996).

## DISCUSSION

## I

As a preliminary matter, ACLA contends that the district court's award of post-judgment interest on the *entire* damages

award from the date of the Original Judgment rather than the date of the Final Judgment was improper. We do not address this contention, because it is barred from reconsideration by the law of the case. "Nothing is before this court but what is subsequent to the mandate." *Atlas Scraper & Eng'g Co. v. Pursche*, 357 F.2d 296, 297 (9th Cir. 1966) (quoting *Himley v. Rose*, 9 U.S. (5 Cranch) 313, 314 (1809)). In *PPCW V*, we affirmed the district court's "judgment in all respects but for punitive damages." 290 F.3d at 1088. We necessarily affirmed the compensatory damages awards and post-judgment interest on those damages. Accordingly, ACLA's present appeal is limited to review of the district court's award of post-judgment interest on the *punitive* damages award only. All other issues were finally decided in *PPCW V* and *PPCW VIII*.

## II

ACLA's argument relies on two premises. First, ACLA contends that *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304 (1948), and Federal Rule of Appellate Procedure 37(b) deprive a district court of authority to award post-judgment interest from the date of an original judgment when the appellate court's mandate directs the entry of a particular, modified money judgment and contains no instructions about the allowance of post-judgment interest. Second, ACLA contends that *PPCW VIII* directed the entry of a particular, modified money judgment without mention of post-judgment interest. Therefore, the district court was bound by our mandate and could award post-judgment interest on the punitive damages award only from the date of the Final Judgment, not the date of the Original Judgment. ACLA is correct.

## A

Assessing ACLA's first premise requires that we unravel the relationship between 28 U.S.C. § 1961 and *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990),

which together govern the calculation of post-judgment interest, and *Briggs* and Rule 37(b), which together forbid the district court to award post-judgment interest in excess of our mandate.[1] The district court's award of post-judgment interest is valid only if it complies with § 1961 *and* conforms to our mandate.

**[1]** Section 1961 provides for the mandatory award of post-judgment interest "on any money judgment in a civil case recovered in a district court." *See Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986) (quoting 28 U.S.C. § 1961(a)). Post-judgment interest must run from the date of a judgment when the damages were "supported by the evidence" and meaningfully "ascertained." *See Kaiser*, 494 U.S. at 835-36; *AT&T*, 98 F.3d at 1210; *Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1383 (9th Cir. 1992) (per curiam). We may reverse and remand a judgment without concluding that it is erroneous or unsupported by the evidence. *See Guam Soc'y of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691, 703 (9th Cir. 1996). When the legal and evidentiary basis of an award is thus preserved, post-judgment interest is ordinarily "computed from the date of [the judgment's] initial entry." *Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672, 676 (9th Cir. 1973); *see Guam Soc'y*, 100 F.3d at 702-03.

*Kaiser* and § 1961 explain how to determine the accrual date of post-judgment interest in the first instance. *Briggs* and Rule 37(b), on the other hand, limit the power of the district court to award post-judgment interest from any date other than the date of entry of judgment on remand when that is

---

[1]We have never squarely considered the interaction of § 1961, *Kaiser*, *Briggs* and Rule 37(b). Our holding here is consistent with that of the other courts of appeals. *See, e.g.*, *SEB SA v. Sunbeam Corp.*, 476 F.3d 1317, 1319-21 (11th Cir. 2007); *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103-04 (2d Cir. 2004); *Tronzo v. Biomet, Inc.*, 318 F.3d 1378, 1380 (Fed. Cir. 2003); *DeLong Equip. Co. v. Washington Mills Electro Minerals Corp.*, 997 F.2d 1340, 1341-43 (11th Cir. 1993); *Gele v. Wilson*, 616 F.2d 146, 149 (5th Cir. 1980).

what our mandate requires. In *Briggs*, the district court entered judgment for the defendant notwithstanding the verdict after granting a motion to dismiss for lack of jurisdiction. *See* 334 U.S. at 305. Without making provision for post-judgment interest, the court of appeals reversed and directed that judgment be entered on the verdict. *See id.* Relying on the principle that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court," the Supreme Court held that the district court could not award post-judgment interest from the date of the verdict because "the trial court had no power to enter judgment for an amount different than directed." *Id.* at 306. *Briggs* reflects the settled principle that once we have instructed the district court on a matter, it must faithfully carry out our command and go no further. *See Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441-42 (9th Cir. 1983).

**[2]** Rule 37 was promulgated as a reminder of the *Briggs* rule. *See* Advisory Committee Notes on Rule 37 (1967). When we "modif[y] or reverse[ ] a judgment with a direction that a money judgment be entered in the district court, [our] mandate must contain instructions about the allowance of interest." Fed. R. App. P. 37(b). When our mandate lacks such instructions, the district court "ha[s] no power to enter judgment for an amount different than directed." *Briggs*, 334 U.S. at 306. It cannot award post-judgment interest from the date of the original judgment because to do so would enlarge the particular, modified money judgment that we have directed be entered. Our mandate binds the district court even if we should have awarded post-judgment interest consistent with *Kaiser* and § 1961, but mistakenly failed to do so.

**[3]** Our canvass of the law has not disclosed a published case in this circuit — or in any other — where the district court was allowed to deviate from a mandate that directed the entry of a particular, modified money judgment and contained no instructions on post-judgment interest by awarding interest from the date of entry of the original judgment. None of the

cases Physicians cite is to the contrary. For example, in *Kaiser* itself, the district court's judgment was affirmed, so Rule 37(a), not Rule 37(b), was applicable. *See* 494 U.S. at 830. When we affirm a money judgment in a civil case, "whatever interest is allowed by law is payable from the date when the district court's judgment was entered." *See* Fed. R. App. P. 37(a). Rule 37(b) governs *only* when our mandate "modifies or reverses a judgment with a direction that a money judgment be entered in the district court." When the court of appeals remands to the district court to determine the amount of a damages award, then the mandate does not direct the entry of a money judgment. The *Briggs* and Rule 37(b) limitations on district court authority are therefore not implicated, and the district court is free to award post-judgment interest subject only to the substantive requirements of *Kaiser* and § 1961 regarding the date damages were meaningfully ascertained. This was the circumstance in the cases Physicians cite, so the appropriate date of accrual was the date of the original judgment. *See Guam Soc'y*, 100 F.3d at 695; *AT&T*, 98 F.3d at 1208; *Tinsley*, 979 F.2d at 1383; *Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1285 (9th Cir. 1984); *Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.*, 676 F.2d 1291, 1296 (9th Cir. 1982); *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004).

Moreover, *Briggs* and Rule 37(b) limit only the power of the *district court* to deviate from the mandate. We remain free to amend our judgments or recall our mandates to award post-judgment interest as appropriate under *Kaiser* and § 1961. In the other cases Physicians cite, it was the *appellate court*, not the district court, that corrected its previous mandate to provide expressly for post-judgment interest from the date of the original judgment. *See Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1157 (9th Cir. 1988) (per curiam); *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 754 (9th Cir. 1983) (per curiam), *abrogated on others grounds*, *Kaiser*, 494 U.S. at 834-35; *Perkins*, 487 F.2d at 674; *Dunn v. HOVIC*, 13 F.3d 58, 59 (3d Cir. 1993); *Loughman v. Consol-Pennsylvania*

*Coal Co.*, 6 F.3d 88, 96 n.5 (3d Cir. 1993); *Coal Res., Inc. v. Gulf & W. Indus., Inc.,* 954 F.2d 1263, 1275 (6th Cir. 1992).

Physicians contend that our circuit's precedent does not require such a strict reading of *Briggs* and Rule 37(b) and devote considerable attention to *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394 (9th Cir. 1980) (*Mt. Hood II*). In an earlier appeal, we had remanded for consideration of whether the Clayton Act's statute of limitations had been equitably tolled. *See Mt. Hood Stages, Inc. v. Greyhound Corp.*, 583 F.2d 469 (9th Cir. 1978) (*Mt. Hood I*). Our mandate did not address post-judgment interest. On remand, the district court held that equitable tolling applied and awarded post-judgment interest from the date of the original judgment on both the portion of the award that did not depend on equitable tolling theory and the portion that did. *See Mt. Hood II*, 616 F.2d at 406. We subsequently affirmed. *Id.* at 407.

Physicians would have us infer from *Mt. Hood II* that the Ninth Circuit construes *Briggs* and Rule 37(b) differently from every other circuit. We do not agree, because *Mt. Hood II*, properly understood, speaks to neither. First, an earlier appeal had already affirmed the portion of the damages award that was not dependent on any tolling theory, *see id.* at 395, 406, so Rule 37(a), not Rule 37(b), governed post-judgment interest on those damages. Second, *Mt. Hood I* did not direct the entry of a particular, modified money judgment, but simply remanded to the district court to assess the equitable tolling theory. *See Mt. Hood II*, 616 F.2d at 395; *Mt. Hood I*, 583 F.2d at 469. Thus, Rule 37(b)'s limitation on the district court's authority to award post-judgment interest was simply inapplicable in *Mt. Hood II*.

Physicians may have been led astray by language in *Mt. Hood II* suggesting that we take an expansive approach to the award of post-judgment interest. *See Mt. Hood II*, 616 F.2d at 406-07; *see also Handgards*, 743 F.2d at 1299 & n.26 (recognizing circuit split). However, that language was addressed to

the substantive legal question in *Mt. Hood II* — when a judgment is legally sufficient to support the award of post-judgment interest — a question *Kaiser*'s "meaningful ascertainment" standard later conclusively resolved. *See Kaiser*, 494 U.S. at 835-36; *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 990 (9th Cir. 2001). Our decision in *Mt. Hood II* merely anticipated the analytical framework provided by *Kaiser*, and did not — nor could it — contravene *Briggs* and sanction the district court's deviation from our mandate.

**[4]** In sum, we hold that when we modify or reverse a judgment with a direction that a particular money judgment be entered on remand, and our mandate does not contain instructions about the allowance of post-judgment interest, *Briggs* and Rule 37(b) forbid the district court to award post-judgment interest from the date of the original judgment, even when such an award would otherwise be appropriate under *Kaiser* and § 1961.

**B**

ACLA is correct that *PPCW VIII* modified the district court's Revised Judgment as to the amount of punitive damages and then directed that a particular money judgment be entered on remand. *PPCW VIII* "arrive[d] at a sum for each defendant to pay each plaintiff." 422 F.3d at 963. We reduced the punitive damages award and then specified the *exact amount* of "remitted damages per plaintiff, per defendant." *Id.* at 967. Although we remanded for the district court to order a new trial unless Physicians accepted the remittitur, *id.* at 965, the conditional nature of our order does not make *Briggs* or Rule 37(b) any less applicable. It was enough that we directed the particulars of the money judgment the district court was to enter absent a new trial.

Physicians urge that we follow *Stewart v. Donges*, 20 F.3d 380 (10th Cir. 1994), and conclude that *Briggs* and Rule 37(b) do not govern this case because the district court's Original

Judgment specifically included an award of post-judgment interest. *See id.* at 382-83. On this reasoning, *PPCW V* also implicitly affirmed the award of post-judgment interest on the punitive damages award. Therefore, Physicians argue, *PPCW VIII*'s mandate implicitly contained an award of post-judgment interest from the date of the Original Judgment.

We do not find *Stewart* to be apposite. Rule 37(b) actually had no bearing there because the court of appeals had previously "remanded the case for *calculation* of the exact amount [of attorney's fees] to be awarded." *Id.* at 381 (emphasis added). We, on the other hand, directed the district court on remand to enter a particular, modified money judgment — which is what the plain language of Rule 37(b) covers. Moreover, Physicians' contention is inconsistent with the allocation of judicial authority contemplated by *Briggs* and Rule 37(b). When we modify or reverse a judgment with a direction that a money judgment be entered in the district court, "the mandate *must* contain instructions about the allowance of interest." Fed. R. App. P. 37(b) (emphasis added). It is the *court of appeals* — not the district court — that is charged with setting the date that interest accrues on the damages we have specified.

### III

**[5]** We accept ACLA's argument that the district court deviated from our mandate in *PPCW VIII* by awarding post-judgment interest on the reduced punitive damages award from the date of the Original Judgment rather than the date of the Final Judgment. That does not end the matter, however, because we may recall our mandate and direct that post-judgment interest run from a date appropriate under *Kaiser* and § 1961. *See, e.g.*, *Perkins*, 487 F.2d at 674; *Aerojet-Gen. Corp. v. Am. Arbitration Assoc.*, 478 F.2d 248, 254 (9th Cir. 1973).

## A

We first must determine whether *PPCW VIII*'s reduced punitive damages award was meaningfully ascertained as of the Original Judgment. The Supreme Court has explained that "the purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser*, 494 U.S. at 835-36 (internal quotation omitted). Under *Kaiser*, post-judgment interest may run only from the date of a judgment later determined to be supported by the evidence. It may not run from a legally insufficient judgment, or one where the "damages have not been 'ascertained' in any meaningful way." *Id.* at 836. As between two judgments, both of which sufficiently ascertain the damages, equitable principles favor selecting the judgment which more fully compensates the prevailing party. *See AT&T*, 98 F.3d at 1211. "[D]etermining from which judgment interest should run 'requires an inquiry into the nature of the initial judgment, the action of the appellate court, the subsequent events upon remand, and the relationship between the first judgment and the modified judgment.' " *Guam Soc'y*, 100 F.3d at 702 (quoting *Bailey v. Chattem, Inc.*, 838 F.2d 149, 154 (6th Cir. 1988)).

**[6]** We agree with Physicians that we should have awarded post-judgment interest from the date of the Original Judgment because the basis for the punitive damages award had already been meaningfully ascertained. As in *Guam Society*, our decision in *PPCW V* vacated the district court's original judgment so that it could consider intervening case law. *Compare Guam Soc'y*, 100 F.3d at 702, *with PPCW V*, 290 F.3d at 1086. *PPCW V* did not conclude that the district court's award was erroneous or unsupported by the evidence. Likewise, in *PPCW VIII*, we reduced the punitive damages award solely because the ratio of punitive damages to compensatory damages in the Original Judgment was excessive under the Due Process Clause. *See* 422 F.3d at 962. However, the legal and

evidentiary basis of the original punitive damages award —
the jury's finding that ACLA had violated FACE — remained
unaltered. Indeed, we expressly rejected ACLA's renewed
challenges to its liability. *See id.* at 966-67. *PPCW VIII* thus
permitted the district court's original judgment to stand to the
extent that it comported with constitutional limitations on
punitive damages awards. *See Tinsley*, 979 F.2d at 1383; *Perkins*, 487 F.2d at 676.

**[7]** Because the punitive damages award was meaningfully
ascertained as of the Original Judgment, Physicians are entitled under § 1961 to post-judgment interest from that date.

## C

Our opinion in *PPCW VIII* should have included instructions about the allowance of post-judgment interest, as Rule
37(b) requires. We therefore turn to the question of remedy.

**[8]** The Advisory Committee Notes on Rule 37 state that "a
party who conceives himself entitled to interest from a date
other than the date of entry of judgment in accordance with
the mandate should be entitled to seek recall of the mandate
for determination of the question." The parties in *Turner*, 702
F.2d at 754, and *Perkins*, 487 F.2d at 674, confronted with a
mandate silent on the allowance of post-judgment interest, did
just that. We recalled and amended our mandate in both cases
to allow the district court to enter judgment for the amount of
post-judgment interest appropriate under § 1961 without running afoul of *Briggs* and Rule 37(b).

**[9]** Our authority to recall a mandate "cannot be questioned" and "may be exercised for good cause and to prevent
injustice." *Aerojet-Gen.*, 478 F.2d at 254 (internal quotation
marks omitted). There is good cause here for recalling *PPCW
VIII*'s mandate to award post-judgment interest from the date
of the Original Judgment. Physicians should have been
awarded post-judgment interest on the punitive damages

award from the date of the Original Judgment. Our error is no reason to deny Physicians the interest to which they are statutorily entitled.

[10] That said, we recognize ACLA's contention that Physicians should have sought recall of the mandate as soon as they realized that our mandate did not contain instructions about the allowance of post-judgment interest. However, we also recognize that our precedent in this area has not been entirely clear, and that we should have addressed post-judgment interest in our mandate. To avoid any injustice, therefore, we recall and amend our mandate to include instructions regarding the allowance of post-judgment interest as follows: On the reduced punitive damages award, post-judgment interest is to run from February 22, 1999, the date of the Original Judgment.

[11] Henceforth, we expect that litigants in this circuit will clearly understand that if we modify or reverse a judgment with a direction that a money judgment be entered in the district court, our mandate *must* contain instructions about the allowance of post-judgment interest. Fed. R. App. 37(b). If our mandate omits such instructions, a party that believes it is entitled to interest from a date other than the date of entry of judgment on remand must expeditiously seek reform of the mandate.

Mandate shall issue in accordance with this opinion. Each party shall bear its own costs on appeal.

**REMANDED.**