NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CENTER FOR BIOLOGICAL
DIVERSITY; FRIENDS OF FAWNSKIN,

      Plaintiffs - Appellees,

  v.

MARINA POINT DEVELOPMENT
ASSOCIATES; OKO INVESTMENTS,
INC.; NORTHSHORE DEVELOPMENT
ASSOCIATES, L.P., Erroneously Sued As
North Shore Development Associates,
L.P.; SITE DESIGN ASSOCIATES, INC.;
KEN DISCENZA; VDLP MARINA
POINT L.P.; VENWEST MARINA
POINT, INC., Erroneously Sued As
Venture West Inc; IRVING OKOVITA;
OKON DEVELOPMENT CO.,

      Defendants - Appellants,

  and

ROBIN ELIASON; SCOTT ELIASON;
GENE ZIMMERMAN,

      Movants.

No. 10-55086

D.C. No. 2:04-cv-07036-R-RZ

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 4, 2011[**]
Pasadena, California

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

Marina Point Development Associates, together with its co-defendants, appeals the district court's grant of attorneys' fees and costs to the Center for Biological Diversity and Friends of Fawnskin (collectively, "the Center"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We previously held that the Center was entitled to fees and costs for its Endangered Species Act claim but not its Clean Water Act claim. *See Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 805-06 (9th Cir. 2009). We remanded so the district court could determine what portion of its original award was based on the ESA claim and reenter judgment as to that portion only. *Id.* at 806-07.

Marina Point now argues that the Center is not entitled to an award because "special circumstances" would render such an award unjust. Due to the law of the

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

case doctrine, we decline to reconsider our original holding that the Center was entitled to an award based on the ESA claim. *See Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004). Contrary to Marina Point's assertion, there has been no intervening change in law that would compel us to deviate from our prior holding. *See Marbled Murrelet v. Babbit*, 182 F.3d 1091, 1095 (9th Cir. 1999) (holding that the ESA fee-shifting provision should be interpreted similarly to Title II of the Civil Rights Act of 1964); *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054, 1061-63 (9th Cir. 2009) (expanding that holding to CWA claims).

Marina Point also reasserts several objections to the calculation of fees that it had raised in its prior appeal of the award. Initially, we reject the Center's contentions that the mandate rule or a lack of jurisdiction prevents this court from considering Marina Point's objections. The mandate rule only applies to matters decided in the prior appeal, and we have not addressed Marina Point's objections previously. *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). The Center also misreads our prior opinion as holding that we lacked jurisdiction to consider the merits of the ESA award. We actually stated that "when a matter becomes moot on appeal, the court will not, and cannot, review the merits of the

*underlying dispute* for the purpose of determining whether an award of attorney fees was proper." *Marina Point*, 566 F.3d at 805 (emphasis added).

As to Marina Point's objections, they are unpersuasive. The district court's finding that the work done by later-substituted attorneys was not duplicative was not clearly erroneous. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Furthermore, there is no evidence that the Center's use of more than one attorney at depositions or its use of in-house counsel rather than local counsel was unreasonable.

Next, Marina Point objects to how the district court reallocated the fee award. It argues that certain time entries should not be categorized as relating to the ESA claim because they either lack sufficient detail, are inconsistent, were improperly altered post-remand, or relate only to work done on the CWA claim. These arguments are also unpersuasive. The alterations Marina Point objects to were a mistake and were fixed. None of the time entries Marina Point mentions was inconsistent with another entry or obviously related to only the CWA claim.

Overall, the district court properly exercised its discretion in determining what portion of the fees and costs related to the ESA claim. *See Entm't Research Group, Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1230-31 (9th Cir. 1997) (noting that in determining fees only on the allowable claims, the "district court

4

may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)).  On remand, the attorneys for the Center filed declarations and listed all the entries they believed related to the ESA claim.  The Center's counsel eliminated $586,459.15 in fees and $54,835.40 in costs as being unrelated to ESA work.  The district court further reduced the award where the entries lacked sufficient detail.  As a result, the Center's total fees and costs were reduced from $1,693,436.12 to $1,117,368.56 before interest.  *Cf. Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064-65 (9th Cir. 2006).

Finally, Marina Point argues the district court erred in calculating post-judgment interest under 28 U.S.C. § 1961.  However, the post-judgment interest properly ran from the date of the first judgment, because the legal and evidentiary bases of the original award, even if subsequently reduced, were preserved.  *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 518 F.3d 1013, 1017-18 (9th Cir. 2008); *Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672, 676 (9th Cir. 1973).  There also was no mathematical error in the district court's calculation.  Marina Point ignores the fact that § 1961 requires annual compounding.  *See* 28 U.S.C. § 1961(b).

AFFIRMED.

5



<u>Center for Biological Diversity v. Marina Point</u>, No. 10-55086

KLEINFELD, Circuit Judge:

I respectfully dissent for the reasons stated in my earlier dissent at 566 F.3d 794, 808 (9th Cir. 2009) (Kleinfeld, J., dissenting).