**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CHARLES BARNARD,

       Plaintiff - Appellant,

  and

RITA BARNARD,

       Plaintiff,

  v.

GREG THEOBALD, #6527; et al.,

       Defendants - Appellees,

  and

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, A political subdivision
of the State of Nevada,

       Defendant.

No. 14-15812

D.C. No. 2:03-cv-01524-RCJ-LRL

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 15, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

In *Barnard v. Theobald*, 721 F.3d 1069 (9th Cir. 2013), we remanded this case to the district court to provide a more complete explanation of its calculation of attorneys' fees and to reconsider its decision to deny both pre- and post-judgment interest. On remand, the district court entered an order amending its prior judgment to provide for a revised attorneys' fee award along with pre- and post-judgment interest (the "Amended Judgment"). Charles Barnard subsequently filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), asking the district court to reconsider its decision to reduce the attorneys' fee award, as well as the rates at which the district court calculated interest. The district court denied Barnard's motion. Barnard now appeals the Amended Judgment and the order denying Barnard's subsequent motion to alter or amend the judgment. We review both the district court's calculation of attorneys' fees and its denial of the motion to alter or amend for an abuse of discretion. *See*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Barnard*, 721 F.3d at 1075; *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987). We affirm in part, reverse in part, and vacate and remand in part.

1.    We previously directed the district court to provide "a more complete explanation" of its attorneys' fee award—in particular the district court's decision to reduce the fee award by 40 percent. *Barnard*, 721 F.3d at 1077–78. Although the district court attempted to "further explain its award of attorney's fees," it repeated its prior explanation word-for-word in its Amended Judgment. Because we rejected this explanation previously, we must do so again.

The district court failed to provide a "concise but clear explanation of its reasons" for reducing the amount of hours by 40%. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992)). The district court indicated that it believed a percentage reduction was appropriate because "[t]he case was not particularly complicated" and the amount of hours requested was "excessive." However, the district court did not explain "its reasons for choosing a given percentage reduction [(40%)]." *Id.* (quoting *Gates*, 987 F.2d at 1400); *see also Barnard*, 721 F.3d at 1077 ("[W]hile the district judge explained why he thought the award was excessive, he failed to explain why he thought that a 40 percent reduction would be an appropriate remedy."). Based on the district court's explanation, we have no way

-3-

of knowing why it chose to reduce the number of hours by 40% as opposed to (for example) 20% or 60%. Accordingly, we vacate the fee award and remand for a more complete explanation.

2.      In his motion to alter or amend the judgment, Barnard argued that the applicable post-judgment interest rate is 0.16%. We agree and conclude that the district court abused its discretion by denying Barnard's motion as it pertained to the post-judgment interest rate. The federal interest rate to be utilized in determining post-judgment interest is the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] *the date of the judgment*." 28 U.S.C. § 1961(a) (emphasis added) (footnote omitted). "[*Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990)] and § 1961 explain how to determine the accrual date of post-judgment interest in the first instance." *Planned Parenthood of the Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 518 F.3d 1013, 1018 (9th Cir. 2008). "*Kaiser Aluminum* stands for the proposition that 28 U.S.C. § 1961 requires that postjudgment interest be calculated from a judgment in which damages are sufficiently ascertained." *Am. Tel. & Tel. Co. v. United Comput. Sys., Inc.*, 98 F.3d 1206, 1210 (9th Cir. 1996). Further, we must consider whether

-4-

"equitable principles favor calculating the interest in a manner that more fully compensates the prevailing party." *Id.* at 1211.

We are thus guided by two inquiries: (1) When were the damages sufficiently ascertained, and (2) Do equitable principles favor more fully compensating the prevailing party? Both of these inquiries direct us to use the original (August 11, 2011) judgment date and the corresponding post-judgment interest rate of 0.16%. The amount of damages was sufficiently ascertained in the original judgment, and the corresponding interest rate more fully compensates the prevailing party. Accordingly, the district court abused its discretion in determining that 0.13% is the correct interest rate based on the date of the amended judgment (December 7, 2011).

3.     In his motion to alter or amend the judgment, Barnard also argued that the district court should not follow 28 U.S.C. § 1961 in calculating pre-judgment interest. We disagree and conclude that the district court did not abuse its discretion by denying Barnard's motion as it pertained to the pre-judgment interest rate. The interest rates used for calculating pre-judgment interest should follow 28 U.S.C. § 1961, "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984). Barnard argues that the

district court should deviate from the general rule and apply a "fluctuating T-bill rate" equal to 2.21%. However, the district court did not abuse its discretion in denying Barnard's request. The district court correctly identified § 1961 as the source for pre-judgment interest rates, recognized that there were exceptions for departing from such statutory rate, and concluded there was not "sufficient cause" to apply an exception. We therefore affirm the district court's decision to follow 28 U.S.C. § 1961 to establish the pre-judgment interest rate.[1]

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, VACATED AND REMANDED IN PART.**

---

[1]As we explained in discussing post-judgment interest, the applicable interest rate under 28 U.S.C. § 1961 is 0.16%.