**Constance GRAHAM, Plaintiff–Appellant,**

v.

**The BALCOR COMPANY, a Delaware corporation, John Does 1–5; Jane Does 1–5; XYZ Corporation, Defendants–Appellees.**

**Nos. 94–16411, 94–16414, 94–16496.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1998.

Filed March 6, 2001.

Ethan Steele, Tucson, Arizona, for plaintiff-appellant.

John N. Iurino, Tucson, Arizona, for the defendant-appellee.

Before: GOODWIN, PREGERSON, FERGUSON, Circuit Judges.

PER CURIAM:

In 1984, Constance Graham ("Graham") was employed as Vice–President of Investments for the Balcor Company ("Balcor"). In the middle of the year, she was diagnosed with an illness that seriously affected her job performance. After contesting a recommendation that she be terminated, she agreed with Balcor that she would waive any wrongful discharge or employment discrimination claims against the company if Balcor kept her enrolled in its employee benefits plan for so long as she remained disabled. Graham left her job with Balcor in 1985, and her illness has kept her out of work to this day.

In 1990, Balcor ceased paying Graham's medical expenses. In 1991, Graham filed a complaint in Arizona state court listing a number of state law theories of redress, including breach of contract, breach of covenant of good faith and fair dealing, and intentional infliction of emotional distress. Balcor removed the case to federal district court, where it argued that Graham's claims were all barred by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The district court found that the facts were as Graham alleged, but agreed with Balcor that her claims were pre-empted by ERISA. Applying ERISA, 29 U.S.C. § 1132, it therefore awarded Graham restitution of her out-of-pocket medical expenses and ordered that she be reinstated in the benefit plan.

Both parties appealed to this Court, Graham now representing herself pro se. *Graham v. Balcor Co.*, 146 F.3d 1052 (9th Cir.1998). We held that the district court erred in finding that ERISA pre-empted Graham's state law claims, but upheld its award under a state law contract theory of preserving the intent of the parties. The conclusion of the Court, and the focus of disagreement now between the parties, was as follows:

> Because the Balcor–Graham agreement did not arise in the course of Balcor's administration of its employee benefits plan, ERISA does not preempt Graham's state law claims. We affirm the district court's holding that Balcor must provide Graham with the equivalent of primary coverage. We also affirm the district court's award of attorneys fees to Graham under her contract claim.

AFFIRMED.

*Graham,* 146 F.3d at 1056.

Following our ruling, Graham filed a "Request for Modification/Clarification/Remand. Petition for Rehearing." This petition, drafted by Graham, was extremely unclear, and the Court denied a rehearing. Graham subsequently filed another complaint in district court raising the state law claims that were not adjudicated in the prior proceedings. The district court found that Graham's first three attempts to draft her new complaint were "unintelligible," and Graham retained professional legal assistance to draft her Third Amended Complaint.

Upon the filing of this Third Complaint, Balcor moved to have the state law claims first raised in Graham's earlier case dismissed under the doctrine of res judicata. The district court dismissed Graham's second case and granted permission for her to seek clarification or correction of this Court's disposition of her first case.

 Our authority to clarify or change our mandate is clear. "[T]his authority may be exercised for 'good cause' and to 'prevent injustice,' and·one of the classic examples of such circumstances is where the mandate does not fully express the intentions of the court." *Aerojet–General Corp. v. The American Arbitration Assoc.,* 478 F.2d 248, 254 (9th Cir.1973). *See also Zipfel v. Halliburton Co.,* 861 F.2d 565, 567 (9th Cir.1988). Upon a review of the record, we conclude that our earlier mandate in this case did not fully express our resolution of Graham's claims. As evidenced by the district court's repeated failure to understand Graham's complaints, her illness has seriously impacted her ability to communicate effectively. Her petition for a rehearing did not clearly alert this Court to the issue of her remaining state law claims, and we did not consider these remaining claims in filing our order.

Graham has acted in good faith in attempting to pursue her claims. Balcor has been on notice of her pursuit of these claims throughout the last two years. We accordingly clarify our earlier mandate and change the final paragraph to read:

> Because the Balcor–Graham agreement did not arise in the course of Balcor's administration of its employee benefits plan, ERISA does not preempt Graham's state law claims. We affirm the district court's holding that Balcor must provide Graham with the equivalent of primary coverage. We also affirm the district court's award of attorney's fees to Graham under her contract claim. Graham's state law claims are remanded to District Court for appropriate adjudication on the merits.

AFFIRMED in part, REVERSED in part, and REMANDED.