**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

and

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,
*Intervenor-Plaintiff*,

v.

BOARD OF DIRECTORS OF THE
TRUCKEE-CARSON IRRIGATION
DISTRICT, individually, and as
Representatives of the Class of all
Water Users in the Newlands
Reclamation Project; TRUCKEE-
CARSON IRRIGATION DISTRICT,
*Defendants-Appellees*,

and

STATE OF NEVADA, Department of
Conservation and Natural Resources,
Division of Wildlife and Division of
State Lands; CHURCHILL COUNTY;
DODGE BROTHERS AND DODGE JR.
FAMILY TRUST; DAVID P.
HARRIGAN; GEORGE AND SHELLY

No. 12-15474

D.C. No.
3:95-cv-00757-
HDM

RAE RAKUSHIN; WILLIAM D. AND
GWENDOLYN WASHBURN; MARVIN
WEISHAUPT; HOWARD D. WOLF
FAMILY TRUST; RAY CONLAN;
CORKILL BROS., INC.; CALVIN R.
MOFFITT AND CANDACE J. MOFFITT;
BELL FAMILY TRUST; LARRY L.
FRITZ FAMILY TRUST; DAVID L.
MATLEY AND CHRISTINE L. MATLEY
FAMILY TRUST AND DAVID MATLEY;
HAROLD G. AND RHONDA JOHNSON
AND JOHNSON FAMILY TRUST; A&A
DAIRY; JOYCE LOHR; PERALDO
BROTHERS; STILLWATER FARMS,
INC.; CHARLES P. FREY, JR. AND
DEBRA S. FREY; NORMAN W. FREY;
FALLON-PAIUTE SHOSHONE TRIBE,
            *Intervenor-Defendants*.

UNITED STATES OF AMERICA,
                    *Plaintiff*,

            and

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,
        *Intervenor-Plaintiff–Appellant*,

            v.

BOARD OF DIRECTORS OF THE
TRUCKEE-CARSON IRRIGATION

No. 12-15476

D.C. No.
3:95-cv-00757-
HDM

DISTRICT, individually, and as Representatives of the Class of all Water Users in the Newlands Reclamation Project; TRUCKEE-CARSON IRRIGATION DISTRICT,
*Defendants-Appellees*,

and

STATE OF NEVADA, Department of Conservation and Natural Resources, Division of Wildlife and Division of State Lands; CHURCHILL COUNTY; DODGE BROTHERS AND DODGE JR. FAMILY TRUST; DAVID P. HARRIGAN; GEORGE AND SHELLY RAE RAKUSHIN; WILLIAM D. AND GWENDOLYN WASHBURN; MARVIN WEISHAUPT; HOWARD D. WOLF FAMILY TRUST; RAY CONLAN; CORKILL BROS., INC.; CALVIN R. MOFFITT AND CANDACE J. MOFFITT; BELL FAMILY TRUST; LARRY L. FRITZ FAMILY TRUST; DAVID L. MATLEY AND CHRISTINE L. MATLEY FAMILY TRUST AND DAVID MATLEY; HAROLD G. AND RHONDA JOHNSON AND JOHNSON FAMILY TRUST; A&A DAIRY; JOYCE LOHR; PERALDO BROTHERS; STILLWATER FARMS, INC.; CHARLES P. FREY, JR. AND

DEBRA S. FREY; NORMAN W. FREY;
FALLON-PAIUTE SHOSHONE TRIBE,
    *Intervenor-Defendants.*

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,
    *Intervenor-Plaintiff–Appellee*,

v.

BOARD OF DIRECTORS OF THE
TRUCKEE-CARSON IRRIGATION
DISTRICT, individually, and as
Representatives of the Class of all
Water Users in the Newlands
Reclamation Project; TRUCKEE-
CARSON IRRIGATION DISTRICT,
    *Defendants*,

STATE OF NEVADA, Department of
Conservation and Natural Resources,
Division of Wildlife and Division of
State Lands; CHURCHILL COUNTY;
DODGE BROTHERS AND DODGE JR.
FAMILY TRUST; DAVID P.
HARRIGAN; GEORGE AND SHELLY
RAE RAKUSHIN; WILLIAM D. AND

No. 12-15594

D.C. No.
3:95-cv-00757-
HDM

GWENDOLYN WASHBURN; MARVIN WEISHAUPT; HOWARD D. WOLF FAMILY TRUST,
             *Intervenor-Defendants*,

STILLWATER FARMS, INC.; CHARLES P. FREY, JR. AND DEBRA S. FREY; NORMAN W. FREY; FALLON-PAIUTE SHOSHONE TRIBE,
             *Intervenor-Defendants*,

and

RAY CONLAN; CORKILL BROS., INC.; CALVIN R. MOFFITT AND CANDACE J. MOFFITT; BELL FAMILY TRUST; LARRY L. FRITZ FAMILY TRUST; DAVID L. MATLEY AND CHRISTINE L. MATLEY FAMILY TRUST AND DAVID MATLEY; HAROLD G. AND RHONDA JOHNSON AND JOHNSON FAMILY TRUST; A&A DAIRY; JOYCE LOHR; PERALDO BROTHERS,
    *Intervenor-Defendants–Appellants*.

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee*,

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,
          *Intervenor-Plaintiff–Appellee*,

                    v.

BOARD OF DIRECTORS OF THE
TRUCKEE-CARSON IRRIGATION
DISTRICT, individually, and as
Representatives of the Class of all
Water Users in the Newlands
Reclamation Project; TRUCKEE-
CARSON IRRIGATION DISTRICT,
                    *Defendants*,

STATE OF NEVADA, Department of
Conservation and Natural Resources,
Division of Wildlife and Division of
State Lands; DODGE BROTHERS AND
DODGE JR. FAMILY TRUST; DAVID P.
HARRIGAN; GEORGE AND SHELLY
RAE RAKUSHIN; WILLIAM D. AND
GWENDOLYN WASHBURN; MARVIN
WEISHAUPT; HOWARD D. WOLF
FAMILY TRUST; CITY OF FALLON;
RAY CONLAN; CORKILL BROS., INC.;
CALVIN R. MOFFITT AND CANDACE
J. MOFFITT; BELL FAMILY TRUST;
LARRY L. FRITZ FAMILY TRUST;
DAVID L. MATLEY AND CHRISTINE

No. 12-15595

D.C. No.
3:95-cv-00757-
HDM

L. MATLEY FAMILY TRUST AND
DAVID MATLEY; HAROLD G. AND
RHONDA JOHNSON AND JOHNSON
FAMILY TRUST; A&A DAIRY; JOYCE
LOHR; PERALDO BROTHERS;
STILLWATER FARMS, INC.; CHARLES
P. FREY, JR. AND DEBRA S. FREY;
NORMAN W. FREY; FALLON-PAIUTE
SHOSHONE TRIBE,
          *Intervenor-Defendants*,


          and


CHURCHILL COUNTY,
     *Intervenor-Defendant–Appellant*.

---

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,
          *Intervenor-Plaintiff–Appellee*,

          v.

BOARD OF DIRECTORS OF THE
TRUCKEE-CARSON IRRIGATION
DISTRICT, individually, and as
Representatives of the Class of all
Water Users in the Newlands

No. 12-15599

D.C. No.
3:95-cv-00757-
HDM

OPINION

Reclamation Project; TRUCKEE-
CARSON IRRIGATION DISTRICT,
*Defendants*,

CHURCHILL COUNTY; DODGE
BROTHERS AND DODGE JR. FAMILY
TRUST; DAVID P. HARRIGAN;
GEORGE AND SHELLY RAE
RAKUSHIN; WILLIAM D. AND
GWENDOLYN WASHBURN; MARVIN
WEISHAUPT; HOWARD D. WOLF
FAMILY TRUST; RAY CONLAN;
CORKILL BROS., INC.; CALVIN R.
MOFFITT AND CANDACE J. MOFFITT;
BELL FAMILY TRUST; LARRY L.
FRITZ FAMILY TRUST; DAVID L.
MATLEY AND CHRISTINE L. MATLEY
FAMILY TRUST AND DAVID MATLEY;
HAROLD G. AND RHONDA JOHNSON
AND JOHNSON FAMILY TRUST; A&A
DAIRY; JOYCE LOHR; PERALDO
BROTHERS; STILLWATER FARMS,
INC.; CHARLES P. FREY, JR. AND
DEBRA S. FREY; NORMAN W. FREY;
FALLON-PAIUTE SHOSHONE TRIBE,
*Intervenor-Defendants*,

and

STATE OF NEVADA, Department of
Conservation and Natural Resources,
Division of Wildlife and Division of
State Lands,
    *Intervenor-Defendant–Appellant*.

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted
June 12, 2013—San Francisco, California

Filed July 22, 2013

Before: Mary M. Schroeder, Marsha S. Berzon,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Schroeder

## SUMMARY[*]

### Water Rights

The panel dismissed appeals from Churchill County and
the State of Nevada, withdrew the mandate in *United States
v. Bell*, No. 05-16154+, 602 F.3d 1074 (9th Cir. 2010), and

---

[*] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

amended the opinion, and vacated the judgment of the district court on remand in an action concerning diversion of water from the Truckee and Carson Rivers to either irrigation use or for the benefit of the Pyramid Lake Paiute Indian Tribe.

In the *Bell* case, the panel held that in calculating the amount of excess water diversions, the district court had failed appropriately to account for the margin of error with respect to the gauges that measured the flow of the diversions.  The panel held that it was mistaken in its understanding of the scope of the gauge error, and that it should not have limited recalculation to the four years in which the district court initially found excess diversions.  The panel held that it should have ordered recalculation of the gauge error's impact in all the years potentially affected.  The panel withdrew the mandate, and ordered the district court to recalculate the effect of gauge error not only for the years 1974, 1975, 1978, and 1979, but for the years 1973, 1976, 1985, and 1986 as well, to determine the amount of any excess diversions.

---

## COUNSEL

Ignacia S. Moreno, Assistant Attorney General, Fred Disheroon, David C. Shilton, Stephen M. MacFarlane, and Katherine J. Barton (argued), United States Department of Justice, Environmental & Natural Resources Division, Washington, D.C., for Plaintiff-Appellant/Appellee United States of America.

Don Springmeyer (argued) and Christopher W. Mixson, Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, Las Vegas, Nevada, for Intervenor-Plaintiff–Appellant/Appellee Pyramid Lake Paiute Tribe of Indians.

Michael J. Van Zandt and Neil R. Bardack (argued), Hanson Bridgett LLP, San Francisco, California, for Defendants–Appellees/Appellants Board of Directors of the Truckee-Carson Irrigation District and Truckee-Carson Irrigation District.

Laura A. Schroeder and Therese A. Ure (argued), Schroeder Law Offices, P.C., Reno, Nevada, for Intervenor Defendant: Cross-Appellant/Appellee Churchill County, Nevada.

Catherine Cortez Masto, Attorney General; Nhu Q. Nguyen, Senior Deputy Attorney General, Carson City, Nevada, for Intervenor-Defendant–Appellant State of Nevada, Department of Conservation and Natural Resources, Division of Wildlife and Division of State Land.

Michael F. Mackedon, Mackedon, McCormick & King, Fallon, Nevada, for Intervenor-Defendants–Appellees City of Fallon, et al.

---

## OPINION

SCHROEDER, Circuit Judge:

We deal in this appeal with what essentially amounts to a footnote to the long-running litigation over how much water from the Truckee and Carson Rivers should be diverted to irrigation and how much should flow into Pyramid Lake for

the benefit of the Pyramid Lake Paiute Indian Tribe ("the Tribe"). *See Nevada v. United States*, 463 U.S. 110 (1983); *United States v. Bell*, 602 F.3d 1074 (9th Cir. 2010); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 (9th Cir. 1989); *Truckee-Carson Irrigation Dist. v. Sec'y of Dep't of Interior*, 742 F.2d 527 (9th Cir. 1984) ("*TCID v. Secretary*"); *United States v. Alpine Land & Reservoir Co.*, 697 F.2d 851 (9th Cir. 1983); *Pyramid Lake Paiute Tribe of Indians v. Morton*, 354 F. Supp. 252 (D.D.C. 1973) ("*Tribe v. Morton*"). The federal government and the Tribe now ask us to reconsider one aspect of our most recent opinion. *See Bell*, 602 F.3d at 1085, 1087.

*Bell* concerned water that the Truckee-Carson Irrigation District ("TCID") diverted for irrigation between 1973 and 1988 and that the government claimed was in excess of the amount allowed by applicable regulation. We held, among other things, that in calculating the amount of excess diversions, the district court had failed appropriately to account for the margin of error with respect to the gauges that measured the flow of the diversions. *Id.* at 1085. The district court calculated the amount of water diverted by choosing the low end of this margin of error and thus assigned all uncertainty in the gauge flow calculations in favor of the TCID and against the government and Tribe. *Id.* We remanded for recalculation because there was no evidentiary basis for that choice. It is this so-called "gauge error" ruling that we now must consider in this appeal from the district court's judgment on remand.

A brief explanation is in order. Earlier in the *Bell* opinion, in addressing the primary issues in that appeal, we affirmed the district court's order of recoupment for excess diversions by the TCID for the years 1974, 1975, 1978, and

1979. *Id.* The district court had rejected claims of excess diversions in the other years between 1973 and 1988. In our concluding paragraph, we remanded for recalculation of the effect of gauge error in the four specific years in which the district court had found excess diversions. *Id.* at 1087. On remand, the government asked the court to recalculate gauge error for those and additional years, but the district court limited its recalculation to the four years specified in the conclusion of the *Bell* opinion.

It now appears that our understanding of the scope of the gauge error claim was mistaken and that the government was claiming the gauge error calculation had affected the flow measurement in other years as well. The government's contention has been that if the district court had not initially calculated the amounts of water diverted by using the low end of the margin of error, it may have found that there were excess diversions in other years. The expert whose report the government presented on remand found that if the calculation of flow had been made without regard to the flawed gauge error determination, TCID's diversions would have exceeded applicable limits not only in 1974, 1975, 1978, and 1979, but also in four additional years—1973, 1976, 1983, and 1986. We therefore should not have limited recalculation to the four years in which the district court initially found excess diversions. Rather, we should have ordered recalculation of the gauge error's impact in all the years potentially affected.

Our mistake in not ordering a broader remand is understandable, for the parties made only passing references in the briefs and in oral argument to the larger scope of the gauge error issue, and the government did not move for rehearing of our prior opinion to correct the mistake. Nevertheless, a mistake there was. Indeed, in the body of our

opinion, we suggested that the nature of the gauge error is one that could permeate the analysis for all of the years at issue in the appeal. *Id.* at 1085. Not limiting our analysis to specific years, we there said that we were remanding "for the district court to recalculate the amount of the diversions based on the government's published quantities and without regard to the confidence intervals." *Id.* We did not purport to limit the recalculation to specific years. *Id.*

We do not ordinarily disturb a judgment of the court after the mandate has issued. *See Calderon v. Thompson*, 523 U.S. 538, 550 (1998) (noting the "profound interests in repose" that attach to the mandate of a court of appeals). The government has candidly acknowledged that it should have moved for reconsideration of our prior opinion, but that it did not recognize the mistake until the matter was before the district court on remand. In light of the larger issues presented in the earlier appeal that focused on the remedy for the four specific years of excess diversions, it was easy enough for us to assume that the gauge error was relevant only to those years as well. Correction of the mandate after it has issued is an extraordinary remedy that is not often utilized. *See id.* at 549–50 (holding that while appellate courts have the right to recall their own mandates, that power can only be exercised in "extraordinary circumstances" and is "one of last resort, to be held in reserve against grave, unforeseen contingencies").

But this is not ordinary litigation. The government throughout several decades has been acting in a fiduciary capacity on behalf of the Tribe, and the government has a fiduciary duty to undertake all reasonable means to assure that the waters that should flow to Pyramid Lake do so pursuant to the controlling operating criteria and procedures

("OCAPs").  *See Tribe v. Morton*, 354 F. Supp. at 256.  The history of those standards have been well documented in prior opinions, and we do not repeat it here.  *See Bell*, 602 F.3d at 1078; *Tribe v. Morton*, 354 F. Supp. at 256; *TCID v. Secretary*, 742 F.2d at 529–30.  The OCAPs indisputably stated the measure of how much water should have been diverted, and the TCID's diversions indisputably exceeded these limits.  Correcting the gauge error calculation therefore serves to ensure that the Lake receives the water it needs to sustain itself and the endangered species within it.  This was the focus and purpose of the limitations on diversions for irrigation since their inception.  *Tribe v. Morton*, 354 F. Supp. at 254–55.  If the mistake is not corrected, then the immediate beneficiary will be the TCID, which is at fault for the excess diversions, and the ultimate loser will be the Lake, which the OCAPs are supposed to protect.  The equities thus strongly favor our fashioning a remedy to restore the proper balance between the TCID/agricultural and Tribal/environmental interests.  *See Graham v. Balcor Co.*, 241 F.3d 1246, 1248 (9th Cir. 2001) (per curiam) (holding that clarification of previous mandate is appropriate when there is "good cause" and to "prevent injustice").

We cannot fault the district court in any way, for it correctly followed our 2010 mandate.  It was the mandate that was in error, and that only we can correct.  *See Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 518 F.3d 1013, 1022 (9th Cir. 2008) (holding that we may amend our mandate when it was erroneous even though a party should have brought the mistake to our attention).  Only by withdrawing and correcting the mandate can we order the district court to recalculate the effect of gauge error, not only for the years 1974, 1975, 1978, and

1979, but for the years 1973, 1976, 1985, and 1986 as well, to determine the amount of any excess diversions.

We accordingly withdraw our earlier mandate and clarify it by changing the final paragraph of our previous opinion to read:

> For the foregoing reasons, the judgment of the district court with respect to prejudgment and postjudgment interest is vacated and remanded for further consideration. The judgment with respect to amounts of recoupment for excess diversions in 1974, 1975, 1978, 1979, and spills in 1979 and 1980, as well as the denial of recoupment for excess diversions in the years 1973, 1976, 1985, and 1986, is vacated and remanded for recalculation of the effect of gauge error. The judgment with respect to spills from 1981–84 is vacated and remanded for a determination of the amount of water spilled during those years. The judgment of the district court is otherwise affirmed.

With regard to 1985 and 1986, there may be merit to TCID's contention that there is an alternative ground in the record for the district court's finding that recoupment was unavailable or limited for those years, namely, deviation from the OCAP authorized by court order. We leave to the district court to determine whether, and to what extent, this consideration affects the recoupment available for 1985 and 1986 once the gauge error is taken out of the equation.

We also have before us appeals by Churchill County and the State of Nevada from the district court's judgment on remand. This judgment, however, did not alter the obligations of either the County or the State pursuant to the 2005 judgment. They were not injured or affected in any way by the judgment on remand from *Bell*, and thus do not have standing on this appeal. *See Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002).

## CONCLUSION

Although we take the rare step of correcting a prior mandate, the parties should not take from this opinion any signal that decisions involving water diversions from the Truckee and Carson have any less finality than decisions in other cases. The rules of procedure and the purposes of res judicata apply no differently here than in other cases. Moreover, the function of judicial oversight in this and related litigation has been to maintain the balance between the competing interests of the reclamation system and the interests of the Tribe and the environment. Nothing would do more harm to the goal of sustaining that balance than systemic uncertainty in the obligations of the parties. Our decision today should be read in that light.

The appeals from Churchill County and the State of Nevada are **DISMISSED**. Our previous mandate in *Bell* is withdrawn and amended as provided in this opinion. The judgment of the district court on remand is **VACATED**. The matter is **REMANDED** for proceedings in accordance with the *Bell* mandate as amended.